Judge Trimble,
delivered the following opinion of the court ~" The first error assigned, is in these words : The complainant has not annexed to his bill, the contract between him and the defendant; which ought to have been done, if in writing ; and if not, it ought to have been stated as a verbal contract.” It is true, that the contract, if in writing, ought to have been so stated in the bill, and the writing either exhibited or accounted for ; but the bill not having stated the contract to be in writing, it must be intended, without any express statement to that effect, that it was only a parol contract; and an allegation that it was a verbal was
The second error is assigned in the following words : “ The injunction was irregularly granted, in this — that a release “ of errors was not required ; and being so, it ought not to have been perpetuated.” This being an injunction to stay proceedings upon a judgment-at law, the injunction was certainly irregularly and improvidently granted, without a release of errors being given or required ; and the defendant might have moved to dis *528 charge the injunction before hearing, for that irreguíárity ; but had the other proceedings been regular, it would not furnish a ground for reversing the decree ; no motion having been made to discharge the injunction in the court below ; because, as the judgment was perpetually injoined by the decree, neither party could proceed upon it, although no release of errors had been executed,
Clay, for the plaintiff in error ; Hughes, for the defendant.
, The third assignment of errors, alleges that “ the attachment wras improperly awarded, in as much as there was no previous service of a subpoena, And the fourth, suggests that “ the bill was taken for confessed, illegally — first, because the attachment was wrongfully issued ; secondly, because there was no return of the sheriff, that he had executed the.svbpoena, and delivered a copy of the bill to the defendant. , . „ .. , , .. . ;
These proceedings are certainly, very irregular ; and the want of service of the copy of the bill, with the process, must be deemed fatal ; the bill could not legally be taken for confessed,: without it — See Ayers vs. Scott, as administrátor, &c. Pr. Dec. 187 — -and the “ act (of 1799*) to amend the several acts regulating proceedings in chancery.”
It will, therefore, be unnecessary to take notice of any of the subsequent proceedings in the cause.
Decree reversed.

 Ch. 21, § i. Repealed — s&s of iScy, ch. 16, § 3.